**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

BELTON C. HAIG SR.,

Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK); VRC INVESTIGATIONS (formerly PRIME SOURCE INVESTIGATIONS); EDWARD BELENGER, individually and as employee of VRC Investigations; LEROY KELLY II, individually and as employee of VRC Investigations; JOHN BONVENTRE, individually and as attorney for Landman Corsi Ballaine & Ford P.C.

Defendants.

Civil Action No.: 2:25-cv-15438 – CCC-AME

**RETURN DATE: November 3, 2025**

**Oral Argument Requested**

---

**BRIEF ON BEHALF OF DEFENDANTS, NATIONAL RAILROAD PASSENGER CORPORATION AND JOHN BONVENTRE, IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

---

Of Counsel and On the Brief:

Carla D. Macaluso, Esq.
Kea S. Noyan, Esq.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ... 1

RELEVANT PROCEDURAL BACKGROUND ... 2

LEGAL STANDARD ... 2

LEGAL ARGUMENT ... 4

POINT I ... 4

JURISDICTION IS MANDATORY UNDER 28 U.S.C. § 1349 BECAUSE AMTRAK IS A FEDERALLY CHARTERED CORPORATION MAJORITY OWNED BY THE UNITED STATES. ... 4

POINT II ... 7

FEDERAL QUESTION JURISDICTION ALSO EXISTS UNDER 28 U.S.C. § 1331 BECAUSE THE COMPLAINT EXPRESSLY ASSERTS AN ADA CLAIM. ... 7

POINT III ... 8

THE COURT RETAINS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS. ... 8

POINT IV ... 9

PLAINTIFF'S REMAINING ALLEGATIONS MISSTATE THE LAW. ... 9

CONCLUSION ... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Anjelino v. N.Y. Times Co.,
200 F.3d 73 (3d Cir. 1999)....................8

Boone v. National R. Passenger Corp.,
1993 U.S. Dist. LEXIS 3973 (E.D. Pa. Mar. 30, 1993)....................5

Boyer v. Snap-On Tools Corp.,
913 F.2d 108 (3d Cir. 1990)....................3

Buck v. Hampton Twp. Sch. Dist.,
452 F.3d 256 (3d Cir. 2006)....................8

Carnegie-Mellon Univ. v. Cohill,
484 U.S. 343 (1988)....................5, 9

Caterpillar Inc. v. Williams,
482 U.S. 386 (1987)....................7

Exxon Mobil Corp. v. Allapattah Servs. Inc.,
545 U.S. 546 (2005)....................7

Franchise Tax Bd. v. Constr. Laborers Vacation Tr.,
463 U.S. 1 (1983)....................7

Growth Horizons, Inc. v. Delaware Cnty.,
983 F.2d 1277 (3d Cir. 1993)....................8

Gully v. First Nat'l Bank,
299 U.S. 109 (1936)....................7

Hedges v. Musco,
204 F.3d 109 (3d Cir. 2000)....................8, 10

Hollus v. Amtrak N.E. Corridor,
937 F. Supp. 1110 (D.N.J. 1996), aff'd, 119 F.3d 1575 (3d Cir. 1997) ....................3,4,5,9,10

Kennedy v. Mukhtar,
2022 U.S. Dist. LEXIS 217406 (D.N.J. Dec. 1, 2022)....................4

Krouse v. Am. Sterilizer Co.,
126 F.3d 494 (3d Cir. 1997)....................10

Kuchta v. Amtrak,
2022 U.S. Dist. LEXIS 152287 (N.D. Cal. Aug. 24, 2022)....................6

Marcus v. Ne. Commuter Servs. Corp.,
1992 U.S. Dist. LEXIS 9040 (E.D. Pa. May 26, 1992) ....6

Mohammed Nasim v. N.J. Transit Corp.,
2024 U.S. Dist. LEXIS 120382 (D.N.J. July 8, 2024) ....6

New Rock Asset Partners v. Preferred Entity Advancements, Inc.,
101 F.3d 1492 (3d Cir. 1996) ....9

Osborn v. Bank of the United States,
22 U.S. (9 Wheat.) 738 (1824) ....6

In re Paoli R.R. Yard PCB Litig.,
35 F.3d 717 (3d Cir. 1994) ....4, 5, 10

Papp v. Fore-Kast Sales Co., Inc.,
842 F.3d 805 (3d Cir. 2016) ....3

PAS v. Travelers Ins. Co.,
7 F.3d 349 (3d Cir. 1993) ....3

In re Rail Collision Near Chase,
680 F. Supp. 728 (D. Md. 1987) ....6

Royal Canin U.S.A., Inc. v. Wullschleger,
601 U.S. 22 (2025) ....8

Taib Ibrahim v. Parekh,
2025 U.S. Dist. LEXIS 102452 (D.N.J. May 29, 2025) ....7

Union Pac. Ry. v. Myers,
115 U.S. 1 (1885) ....4, 6

Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.,
605 F.2d 119 (3d Cir. 1979) ....2

**Statutes**

28 U.S.C. §§ 1331 ....1, 2, 3, 4, 7, 8, 9, 10, 11

28 U.S.C. §§ 1349 ....1, 2, 3, 4, 5, 6, 9, 10, 11

28 U.S.C. § 1367 ....1, 2, 8, 9, 11

28 U.S.C. §§ 1441 ....2

28 U.S.C. § 1441(a) ....2

28 U.S.C. §§ 1446 ....2

28 U.S.C. § 1447(c) ....................3

49 U.S.C. § 24301 ....................3, 5

49 U.S.C. § 24301(a)(2) ....................4, 5

**Other Authorities**

Fed. R Civ. P.12(b)(1) ....................3

## PRELIMINARY STATEMENT

Defendants National Railroad Passenger Corporation a/k/a Amtrak ("Amtrak") and John Bonventre (collectively, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff Belton C. Haig, Sr.'s ("Plaintiff") Motion to Remand this matter to the Superior Court of New Jersey, Essex County. Plaintiff's motion should be denied as removal was proper because this Court has original subject matter jurisdiction.

First, federal jurisdiction is appropriate under 28 U.S.C. § 1349 because Amtrak is a federally chartered corporation, and the United States owns more than one-half of its capital stock. Courts in this Circuit, as well as others, have consistently held that this status alone confers original jurisdiction over "any action involving Amtrak." Once triggered, jurisdiction under § 1349 attaches by operation of law and cannot be declined based on the predominance of state law claims or Plaintiff's preference for a state forum.

Second, 28 U.S.C. § 1331 independently confers federal question jurisdiction because Count VI of Plaintiff's Complaint expressly asserts a claim under the Americans with Disabilities Act ("ADA"). Jurisdiction is determined by the well-pleaded complaint rule, and Plaintiff's attempt to recharacterize or abandon this claim post-removal cannot divest the Court of jurisdiction properly invoked at the time of removal.

Third, the Court properly retains supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining state-law claims, all of which arise from the same alleged course of conduct and form a common nucleus of operative fact.

Plaintiff's motion is premised on nothing more than legal misstatements and mischaracterizations—mainly, his misunderstanding of § 1349's mandatory nature and the significance of the ADA claim. His arguments regarding the predominance of state law,

exhaustion, and forum preference do not undermine the statutory bases for federal jurisdiction. Because jurisdiction was properly invoked and remains intact, remand is neither required nor appropriate.

Accordingly, Plaintiff's Motion to Remand should be denied in its entirety.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiff commenced this action on August 6, 2025, in the Superior Court of New Jersey, Essex County. (Complaint, Exhibit A to Notice of Removal, ECF No. 1-1 ("Compl.")). The Complaint asserts six causes of action arising out of Plaintiff's employment with Amtrak and his participation in a prior federal personal injury lawsuit filed under the Federal Employers' Liability Act. Specifically, Plaintiff alleges:

- **Count I:** retaliation under the Conscientious Employee Protection Act ("CEPA") (Compl. ¶¶ 19-20).
- **Count II:** violation of the New Jersey Civil Rights Act ("NJCRA") (Compl. ¶ 21).
- **Count III:** invasion of privacy / intrusion upon seclusion (Compl. ¶ 22)
- **Count IV:** intentional and negligent infliction of emotional distress (Compl. ¶¶ 23-24).
- **Count V:** aiding and abetting/ civil conspiracy (Compl. ¶¶ 25-26).
- **Count VI**: failure to accommodate under the New Jersey Law Against Discrimination ("NJLAD") and the ADA (Compl. ¶ 27).

Defendants timely removed the action to this Court on September 10, 2025, pursuant to 28 U.S.C. §§ 1331, 1349, 1367, 1441, and 1446, on the bases of federal question jurisdiction and federal charter jurisdiction. (Notice of Removal, ECF No. 1).

## LEGAL STANDARD

A defendant may remove a civil action filed in state court if the district court has original jurisdiction. 28 U.S.C. § 1441(a). Jurisdiction is determined based on the allegations in the complaint at the time of removal. See Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa., 605 F.2d 119, 124 (3d Cir. 1979) (subject matter jurisdiction determined "on the face of the

complaint and on the basis of the record in the state court at the time the petition for removal is presented"). The removing party bears the burden of establishing jurisdiction; once satisfied, the case must remain in federal court unless the plaintiff demonstrates either a lack of subject matter jurisdiction or a procedural defect in removal. PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993).

Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In addition, where a defendant is incorporated by an Act of Congress and the United States owns more than one-half of its capital stock, the district court has original jurisdiction over civil actions involving that corporation. 28 U.S.C. § 1349; see also 49 U.S.C. § 24301. See Hollus v. Amtrak N.E. Corridor, 937 F. Supp. 1110, 1113-14 (D.N.J. 1996), aff'd, 119 F.3d 1575 (3d Cir. 1997) (federal jurisdiction proper under 28 U.S.C. § 1349 where Amtrak is majority-owned by the United States).

A motion to remand under 28 U.S.C. § 1447(c) is analyzed under standards similar to a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P.12(b)(1). See Papp v. Fore-Kast Sales Co., Inc., 842 F.3d 805, 811 (3d Cir. 2016). A Rule 12(b)(1) challenge may be "facial" or "factual." Id. (quoting Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016)). In a *facial* attack, the Court accepts the allegations within a complaint as true and determines whether they establish jurisdiction as a matter of law. Id. In a *factual* attack, the Court may consider evidence beyond the pleadings. Id. In either case, the removing party bears the ultimate burden to establish federal jurisdiction. See Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted).

Here, Defendants removed this action pursuant to 28 U.S.C. §§ 1331 and 1349. Federal question jurisdiction exists because Plaintiff expressly pleads a claim under the ADA. See

28 U.S.C. § 1331. Federal charter jurisdiction independently exists because Amtrak is a federally chartered corporation, and the United States owns more than one-half of its capital stock. See 28 U.S.C. § 1349; see also 49 U.S.C. § 24301(a)(2); Hollus, 937 F. Supp. at 1113–14 (holding that federal courts have subject matter jurisdiction over "any action involving Amtrak" because it is majority-owned by the United States). Accordingly, because the Complaint expressly asserts a federal claim and names a federally chartered corporation majority-owned by the United States, federal jurisdiction is both proper and conferred by statute.

## LEGAL ARGUMENT

## POINT I

### JURISDICTION IS MANDATORY UNDER 28 U.S.C. § 1349 BECAUSE AMTRAK IS A FEDERALLY CHARTERED CORPORATION MAJORITY OWNED BY THE UNITED STATES.

Section 1349 confers original jurisdiction over *any* civil action involving a corporation incorporated by Act of Congress in which the United States owns more than one-half of the capital stock. 28 U.S.C. § 1349. Once triggered, the jurisdictional grant is mandatory – federal courts must retain such cases regardless of the predominance of state-law claims. See Union Pac. Ry. v. Myers, 115 U.S. 1, 11-14 (1885) (holding that once statutory jurisdiction attaches, courts must retain cases arising under federal charter); Hollus, 937 F. Supp. at 1113–14 (federal courts have subject matter jurisdiction pursuant to § 1349 over any case involving Amtrak); Kennedy v. Mukhtar, 2022 U.S. Dist. LEXIS 217406, at *2 n.1 (D.N.J. Dec. 1, 2022)[1] (reaffirming that jurisdiction under § 1349 exists where Amtrak is a party because it is federally chartered and majority-owned by the United States); In re Paoli R.R. Yard PCB Litig., 35 F.3d

[1] A true and correct copy of this decision is attached to the Macaluso Cert. as Exhibit 1.

717, 738 (3d Cir. 1994 (affirming district court's retention of jurisdiction over Amtrak under § 1349).

Section 1349 provides:

> The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock.

28 U.S.C. § 1349.

Amtrak is a federally chartered corporation under the Rail Passenger Service Act, 49 U.S.C. § 24301, and the United States owns more than 50 percent of its stock. See 49 U.S.C. § 24301(a)(2). Courts consistently hold that this status alone establishes federal jurisdiction over "*any action* involving Amtrak." Hollus, 937 F. Supp. at 1113–14 (federal courts "have subject matter jurisdiction over *any action* involving Amtrak" because the United States is its majority shareholder) (emphasis added); In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 738 (3d Cir. 1994) (affirmed district court's retention of jurisdiction over claims against Amtrak under § 1349 even after dismissal of other claims).

The statutory mandate is non-discretionary. Because § 1349 jurisdiction attaches by operation of law, courts cannot decline jurisdiction based on considerations of comity or predominance of state law issues. See Hollus, 937 F. Supp. at 1114. Unlike cases where federal claims are voluntarily dismissed and courts weigh comity factors under Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988), jurisdiction under § 1349 attaches by statute and cannot be declined simply because state-law claims predominate. Here, Plaintiff's reliance on state statutes such as CEPA, NJCRA, or the LAD is immaterial – Amtrak's inclusion as a defendant compels federal jurisdiction. See e.g., Boone v. National R. Passenger Corp., 1993 U.S. Dist. LEXIS 3973, at *5

(E.D. Pa. Mar. 30, 1993)[2] ("the question of whether Amtrak creates independent federal question jurisdiction is well settled").

As early as Osborn v. Bank of the United States, 22 U.S. (9 Wheat.) 738 (1824), the Court held that claims against federally chartered entities arise under federal law, and therefore, fall within federal jurisdiction. See also Union Pac. Ry. v. Myers, 115 U.S. 1, 11-14 (1885) (personal injury claims against federally chartered railroads were removable as federal questions). Courts have since uniformly applied this reasoning to Amtrak. See In re Rail Collision Near Chase, 680 F. Supp. 728, 730 (D. Md. 1987) (Amtrak's federal charter confers § 1349 jurisdiction); Marcus v. Ne. Commuter Servs. Corp., 1992 U.S. Dist. LEXIS 9040, at *1 (E.D. Pa. May 26, 1992)[3] (same).

Recent decisions reaffirm this principle. In Mohammed Nasim v. N.J. Transit Corp., 2024 U.S. Dist. LEXIS 120382, at *3 (D.N.J. July 8, 2024)[4], the court held that jurisdiction existed solely because Amtrak was a party and granted remand only after Amtrak's dismissal. Likewise, in Kuchta v. Amtrak, 2022 U.S. Dist. LEXIS 152287, at *7 (N.D. Cal. Aug. 24, 2022)[5], the district court emphasized that Amtrak's entitlement to federal jurisdiction under § 1349 is so well established that removal was proper "regardless of whether or not [co-defendants] had been served."

Accordingly, because Amtrak is a federally chartered corporation majority-owned by the United States, jurisdiction under § 1349 is both proper and conferred by statute. Plaintiff's motion to remand must be denied.

[2] A true and correct copy of this decision is attached to the Macaluso Cert. as Exhibit 2.
[3] A true and correct copy of this decision is attached to the Macaluso Cert. as Exhibit 3.
[4] A true and correct copy of this decision is attached to the Macaluso Cert. as Exhibit 4.
[5] A true and correct copy of this decision is attached to the Macaluso Cert. as Exhibit 5.

## POINT II

## FEDERAL QUESTION JURISDICTION ALSO EXISTS UNDER 28 U.S.C. § 1331 BECAUSE THE COMPLAINT EXPRESSLY ASSERTS AN ADA CLAIM.

This Court also has original jurisdiction under 28 U.S.C. § 1331. See Exxon Mobil Corp. v. Allapattah Servs. Inc., 545 U.S. 546, 552 (2005) (jurisdiction attaches if one claim arises under federal law). Federal question jurisdiction is determined by the well-pleaded complaint rule, which looks only to the claims asserted on the face of the pleading. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (federal jurisdiction "is governed by the well-pleaded complaint rule").

Here, Count VI of Plaintiff's Complaint is titled "Failure to Accommodate – NJLAD / ADA" and expressly references the ADA. (Compl. ¶ 27). This direct invocation of a federal statute is sufficient to confer jurisdiction. See Gully v. First Nat'l Bank, 299 U.S. 109, 112–13 (1936) (federal question exists where a federal issue appears on the face of a properly pleaded complaint); see Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 27–28 (1983) (same).

Plaintiff's post-removal assertions that he "intended" to proceed only under state law cannot overcome the clear language of the Complaint. Courts consistently hold that post-removal disclaimers or recharacterizations do not defeat jurisdiction once properly invoked. See Caterpillar, 482 U.S. at 392 (plaintiff is the "master of the claim," but jurisdiction is determined by what is pled, not later intent). Thus, at the time Defendants removed the instant matter to this Court, the Court had federal question jurisdiction by virtue of Plaintiff's claims asserted under the ADA. See Taib Ibrahim v. Parekh, 2025 LEXIS 102452, at *6 (D.N.J. May 29, 2025)[6] (finding

[6] A true and correct copy of this decision is attached to the Macaluso Cert. as Exhibit 6.

federal question jurisdiction proper where the complaint asserts claims arising under federal statutes); see Royal Canin U.S.A., Inc. v. Wullschleger, 601 U.S. 22, 22 (2025) (jurisdiction lost post-removal *only after* federal claims eliminated).

Moreover, even if Plaintiff's ADA claim is later dismissed for failure to exhaust administrative remedies, remand is not appropriate. The presence of a federal claim on the face of the Complaint is sufficient to establish jurisdiction; exhaustion is a merits defense, not a jurisdictional bar. See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (dismissal, not remand, proper where federal claim fails on the merits); Anjelino v. N.Y. Times Co., 200 F.3d 73, 87–88 (3d Cir. 1999) (failure to exhaust is an affirmative defense properly addressed in a motion to dismiss, not a jurisdictional bar); Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (holding that failure to exhaust under ADA does not deprive the court of subject matter jurisdiction).

Accordingly, because Plaintiff expressly pleads a claim under the ADA, § 1331 provides an additional, independent basis for this Court's jurisdiction. As such, the instant motion for remand should be denied.

## POINT III

## THE COURT RETAINS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS.

Plaintiff's state law claims are properly before this Court by virtue of 28 U.S.C. § 1367, as they arise from the same nucleus of operative fact as the claims that confer original jurisdiction—namely Plaintiff's allegations of retaliation, surveillance, and failure to accommodate by Amtrak. See Growth Horizons, Inc. v. Delaware Cnty., 983 F.2d 1277, 1284 (3d Cir. 1993) (supplemental jurisdiction proper where claims "derive from a common nucleus of

operative fact"). Contrary to Plaintiff's assertion, the state claims are properly before this Court as removal was proper given Amtrak's federal charter. See Point II, supra.

Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related … that they form part of the same case or controversy." Thus, once original jurisdiction attaches—whether under § 1331 or § 1349—the Court has supplemental jurisdiction over all related state-law claims. See New Rock Asset Partners v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1507–08 (3d Cir. 1996) (recognizing supplemental jurisdiction over state claims following proper removal).

Because Amtrak is a federally chartered corporation majority-owned by the United States, federal jurisdiction exists under § 1349 independent of the ADA claim. Hollus, 937 F. Supp. at 1114. Accordingly, even if the ADA claim were later dismissed, the Court would retain jurisdiction over all remaining claims pursuant to §§ 1349 and 1367.

The exercise of supplemental jurisdiction promotes judicial economy, convenience, and fairness by allowing all claims arising from the same operative facts to be resolved in a single forum. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349–50 (1988). Plaintiff's contention that state-law claims "predominate" is immaterial; predominance does not defeat supplemental jurisdiction where federal jurisdiction was properly invoked at the time of removal.

## POINT IV

## PLAINTIFF'S REMAINING ALLEGATIONS MISSTATE THE LAW.

Plaintiff's remaining arguments provide no valid basis for remand as they are either legally incorrect or irrelevant to jurisdiction. As noted above, jurisdiction does not turn on whether state law claims "predominate." See Point III, supra. Once federal jurisdiction attaches under

either 28 U.S.C. § 1349 or § 1331, the case must remain in federal court. See Hollus 937 F. Supp. at 1113–14; In re Paoli R.R. Yard PCB Litig., 35 F.3d at 738. Plaintiff's emphasis on state statutes such as CEPA, the NJCRA, or the LAD is therefore immaterial.

The existence of independent state remedies does not negate jurisdiction over a properly pleaded federal claim. Courts routinely adjudicate ADA and LAD claims together. See Krouse v. Am. Sterilizer Co., 126 F.3d 494, 498 (3d Cir. 1997). Likewise, Plaintiff's argument that the ADA claim is unexhausted raises a merits issue, not a jurisdictional defect. The presence of a federal claim on the face of the complaint is sufficient to confer jurisdiction; the appropriate remedy for any failure to exhaust is dismissal, not remand. See Hedges v. Musco, 204 F.3d at 123.

Finally, Plaintiff's preference to litigate in state court is not a cognizable ground for remand. Congress expressly vested federal courts with jurisdiction over actions involving Amtrak, and courts may not decline such jurisdiction based on comity or forum preference. See 28 U.S.C. § 1349; Hollus, 937 F. Supp. at 1114. Because none of Plaintiff's arguments undermine the statutory bases for federal jurisdiction, remand must respectfully be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand should be denied. This Court has original jurisdiction under 28 U.S.C. § 1349 because Amtrak is a federally chartered corporation majority-owned by the United States, and jurisdiction under that statute is mandatory. Jurisdiction also independently exists under 28 U.S.C. § 1331 because the Complaint expressly asserts a claim under the ADA, and any argument concerning exhaustion goes to the merits, not jurisdiction. Moreover, pursuant to 28 U.S.C. § 1367, the Court properly retains supplemental jurisdiction over Plaintiff's related state-law claims, all of which arise from the same nucleus of operative facts. Plaintiff's reliance on state-law predominance, forum preference, or

mischaracterizations are legally insufficient to warrant remand. Because federal jurisdiction was properly invoked and remains intact, remand is neither required nor appropriate. Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion to Remand in its entirety and retain jurisdiction over this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

By: *__/s Carla D. Macaluso__*
Carla D. Macaluso
Kea S. Noyan
Attorneys for Defendants National Railroad Passenger Corporation a/k/a Amtrak and John Bonventre

Dated: October 20, 2025

4919-5393-7267, v. 1