**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

BELTON C. HAIG SR.,

Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK); VRC INVESTIGATIONS (formerly PRIME SOURCE INVESTIGATIONS); EDWARD BELENGER, individually and as employee of VRC Investigations; LEROY KELLY II, individually and as employee of VRC Investigations; JOHN BONVENTRE, individually and as attorney for Landman Corsi Ballaine & Ford P.C.

Defendants.

Civil Action No.: 2:25-cv-15438 – CCC-AME

**RETURN DATE: November 3, 2025**

**Oral Argument Requested**

---

**DEFENDANTS NATIONAL RAILROAD PASSENGER CORPORATION AND JOHN BONVENTRE'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

Of Counsel and On the Brief:
Carla D. Macaluso, Esq.
Kea S. Noyan, Esq.

Attorneys for Defendants National Railroad Passenger Corporation a/k/a Amtrak and John Bonventre

**TABLE OF CONTENTS**


PRELIMINARY STATEMENT ........................................ 1

LEGAL ARGUMENT ........................................ 2

POINT I ........................................ 2

DISMISSAL IS APPROPRIATE WHERE, AS HERE, PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED. ........................................ 2

POINT II ........................................ 3

THE COURT'S REVIEW IS CONFINED TO THE COMPLAINT AND PLAINTIFF'S NEW MATERIALS MUST BE DISREGARDED. ........................................ 3

POINT III ........................................ 4

THE LITIGATION PRIVILEGE BARS ALL CLAIMS BASED ON CONDUCT RELATED TO THE FELA ACTION. ........................................ 4

POINT IV ........................................ 5

PLAINTIFF'S OPPOSITION CONFIRMS, RATHER THAN CURES, THE COMPLAINT'S DEFICIENCIES ........................................ 5

A. Plaintiff's CEPA Retaliation Claim Is Time-Barred And Legally Deficient. ........................................ 5

B. Plaintiff's NJCRA Claim Fails. ........................................ 7

C. Plaintiff's Invasion Of Privacy And Intrusion Upon Seclusion Claim Fails. ........................................ 9

D. Plaintiff's Intentional and Negligent Infliction Emotional Distress Claims Fail. ........................................ 9

E. Plaintiff's Aiding And Abetting And Civil Conspiracy Theories Are Derivative And Fail As A Matter Of Law. ........................................ 10

F. Plaintiff's ADA And LAD Claims Fail. ........................................ 11

CONCLUSION ........................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Aptsiauri v. CSAA Gen. Ins. Co.,
2023 U.S. Dist. LEXIS 218378 (D.N.J. Dec. 6, 2023) ........ 2

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ........ 2, 4, 5

Baglini v. Lauletta,
338 N.J. Super. 282 (App. Div. 2001) ........ 4

Banco Popular N. Am. v. Gandi,
184 N.J. 161 (2005) ........ 11

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) ........ 2, 4, 5

Blum v. Yaretsky,
457 U.S. 991 (1982) ........ 7, 8

Boone v. Hayward Holdings Inc.,
2024 U.S. Dist. LEXIS 219565 (D.N.J. Dec. 4, 2024) ........ 3

Branum v. UPS,
232 F.R.D. 505 (W.D. Pa. 2005) ........ 3

Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n,
531 U.S. 288 (2001) ........ 7

Buckley v. Trenton Sav. Fund Soc'y,
111 N.J. 355 (1988) ........ 10

In re Burlington Coat Factory Secs. Litig.,
114 F.3d 1410 (3d Cir. 1997) ........ 3

Casciano v. City of Paterson,
2023 U.S. Dist. LEXIS 137619 (D.N.J. Aug. 8, 2023) ........ 11

Catalane v. Gilian Instrument Corp.,
271 N.J. Super. 476 (App. Div. 1994) ........ 10

Celestine v. Foley,
2010 U.S. Dist. LEXIS 132511 (D.N.J. Dec. 14, 2010) ........ 8

Conte v. Promethean Inc.,
2023 U.S. Dist. LEXIS 128194 (D.N.J. July 14, 2023)....4

Dep't of Transp. v. Ass'n of Am. Railroads,
575 U.S. 43 (2015)....7, 8

Dzwonar v. McDevitt,
177 N.J. 451 (2003)....6

Figueiras v. Newark Pub. Schs.,
426 N.J. Super. 449 (App. Div. 2012)....7

Flythe v. Ralph Lauren, Inc.,
2016 U.S. Dist. LEXIS 159314 (D.N.J. Nov. 17, 2016)....7

Frederico v. Home Depot,
507 F.3d 188, 201-02 (3d Cir. 2007)....2

Fugarino v. Univ. Servs.,
123 F. Supp. 2d 838 (E.D. Pa. 2000)....10

Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.,
98 F.4th 463 (3d Cir. 2024)....2

Green v. Jersey City Bd. of Educ.,
177 N.J. 434 (2003)....5

Groman v. Twp. of Manalapan,
47 F.3d 628 (3d Cir. 1995)....7, 8

Hawkins v. Harris,
141 N.J. 207 (1995)....4, 5

Heffernan v. Hunter,
189 F.3d 405 (3d Cir. 1999)....11

Hillburn v. Bayonne Parking Auth.,
2009 U.S. Dist. LEXIS 6762 (D.N.J. Jan. 30, 2009)....9

Illas v. Gloucester Cnty. Sheriff's Dep't,
2015 U.S. Dist. LEXIS 21753 (D.N.J. Feb. 24, 2015)....6

Loigman v. Twp. Comm. of Middletown,
185 N.J. 566 (2006)....4

Madreperla v. Williard Co.,
606 F. Supp. 874 (E.D. Pa. 1985)....10

Mala v. Crown Bay Marina, Inc.,
704 F.3d 239 (3d Cir. 2013)....................................................................................2

Mandel v. M & Q Packaging Corp.,
706 F.3d 157 (3d Cir. 2013)....................................................................................6

Marra v. Madison Square Garden Ent. Corp.,
2023 U.S. Dist. LEXIS 180581 (D.N.J. Oct. 6, 2023)...........................................................13

Matthews v. N.J. Inst. of Tech.,
717 F. Supp. 2d 447 (D.N.J. 2010) ..........................................................................8, 9

Mayer v. Belichick,
605 F.3d 223 (3d Cir. 2010)....................................................................................3

McNasby v. Crown Cork & Seal Co.,
888 F.2d 270 (3d Cir. 1989)....................................................................................13

O'Toole v. Klingen,
2017 U.S. Dist. LEXIS 5296 (D.N.J. Jan. 13, 2017) ...............................................................8

Owens v. Armstrong,
171 F. Supp. 3d 316 (D.N.J. 2016) ..............................................................................2

Patti v. Ibarrondo,
2023 U.S. Dist. LEXIS 133824, at 12 (D.N.J. Aug. 1, 2023)...............................................12

Quarles v. Lowe's Home Ctrs., Inc.,
2006 U.S. Dist. LEXIS 97336 (D.N.J. Dec. 20, 2006)..........................................................10

Rivers v. Ultimate Transp., LLC,
2025 U.S. Dist. LEXIS 193791 (D.N.J. Sep. 29, 2025) ........................................................10

Sgro v. Bloomberg L.P.,
331 F. App'x 932 (3d Cir. 2009) ..............................................................................6

Shane v. Fauver,
213 F.3d 113 (3d Cir. 2000)....................................................................................2

Tarr v. Ciasulli,
181 N.J. 70 (2004) ..........................................................................................11

Thakar v. Tan,
372 F. App'x 325 (3d Cir. 2010) ..............................................................................2

Tynan v. Vicinity Corp.,
351 N.J. Super. 385 (App. Div. 2002) .........................................................................12

Villanova v. Innovative Investigations, Inc.,
420 N.J. Super. 353 (App. Div. 2011) ....................9

Young v. Schering Corp.,
141 N.J. 16 (1995) ....................9

**Statutes**

42 U.S.C. § 1983....................7

Federal Employers' Liability Act ....................1, 4, 5, 6, 9

N.J.S.A. 10:6-2(c) ....................8

N.J.S.A. 34:19-8....................9

New Jersey Civil Rights Act....................1, 7, 8, 9

**Rules**

Fed. R. Civ. 15 ....................2

Local Civil Rule 7.2(a) ....................3

Fed R Civ. P. 12(b)(6)....................3

## PRELIMINARY STATEMENT

Defendants National Railroad Passenger Corporation a/k/a Amtrak ("Amtrak") and John Bonventre ("Mr. Bonventre") (collectively "Defendants") respectfully submit this memorandum of law in further support of their motion to dismiss the Complaint filed by *pro se* Plaintiff Belton C. Haig ("Plaintiff") in its entirety. Plaintiff's Opposition confirms this action impermissibly re-litigates issues resolved in his prior Federal Employers' Liability Act ("FELA") case ("FELA Action"). While Plaintiff now attempts to rely on statutory and common-law theories—including the Conscientious Employee Protection Act ("CEPA"), New Jersey Civil Rights Act ("NJCRA"), common-law privacy and emotional-distress torts, the New Jersey Law Against Discrimination ("LAD") and Americans with Disabilities Act ("ADA")—Plaintiff cannot point to any factual allegations within the Complaint to support his causes of actions.

The Opposition misconstrues both the law and the factual allegations. It attempts to transform Amtrak's handling of routine litigation into actionable wrongdoing, re-cast privileged litigation conducts as "retaliation," and re-label ordinary employment and defense activity as constitutional or tortious injury. These arguments only reinforce the numerous deficiencies previously identified: the CEPA claim is time-barred; the NJCRA claim lacks any plausible legal basis; the common-law claims fail for want of factual support; and the LAD and ADA claims are defective and fail to establish a qualifying disability or an accommodation request.

Plaintiff's attempt to introduce "new" allegations through his Opposition must be disregarded as his *pro se* status does not relieve him of the obligation to plead facts showing a plausible entitlement to relief, nor does it permit amending the pleadings through opposition briefing. Even if the "new" information were permissible or properly before the Court, it does not cure the Complaint's defects. Accordingly, dismissal is appropriate.

## LEGAL ARGUMENT

### POINT I
### DISMISSAL IS APPROPRIATE WHERE, AS HERE, PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Plaintiff repeatedly invokes the liberal construction afforded to *pro se* pleadings as a shield against dismissal, (See Pl. Opp. Br., ECF No., 14, at 1), but *pro se* status does not relieve him of the obligation to plead facts sufficient to state a plausible claim. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). *Pro se* litigants must still meet federal pleading standards and may not rely on conclusory allegations, legal labels, or disregard procedural rules applicable to all litigants. Owens v. Armstrong, 171 F. Supp. 3d 316, 328 (D.N.J. 2016) (quoting Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (*pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants)); Thakar v. Tan, 372 F. App'x 325, 328 (3d Cir. 2010) (affirming dismissal where *pro se* plaintiff's allegations were conclusory and unsupported by facts). Plaintiff's suggestion that any allegation, regardless of substance, survives dismissal is incorrect.

Further, Plaintiff's request to "amend" via his Opposition is improper. (See Pl. Opp. Br., at 2). A complaint cannot be amended through briefing. See e.g., Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A., 98 F.4th 463, 472 (3d Cir. 2024) (reaffirming plaintiff may not amend complaint through arguments raised in opposition to motion to dismiss); Aptsiauri v. CSAA Gen. Ins. Co., 2023 U.S. Dist. LEXIS 218378, at *5 (D.N.J. Dec. 6, 2023)[1] (quoting Frederico v. Home Depot, 507 F.3d 188, 201-02 (3d Cir. 2007) (rejecting attempt to cure deficient pleading through opposition brief rather than proper amendment under Fed. R. Civ. R. 15)). However,

[1] True and correct copies of all unpublished decisions cited herein are attached to the Reply Certification of Carla D. Macaluso, Esq. submitted in support of this Reply Memorandum of Law.

amendment would be futile as the proposed new facts cannot cure a legally insufficient Complaint. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (leave to amend denied where amendment futile); Boone v. Hayward Holdings Inc., 2024 U.S. Dist. LEXIS 219565, at *3 (D.N.J. Dec. 4, 2024) (amendment futile where *pro se* plaintiff sought to add claim that failed as a matter of law).

## POINT II
## THE COURT'S REVIEW IS CONFINED TO THE COMPLAINT AND PLAINTIFF'S NEW MATERIALS MUST BE DISREGARDED.

Plaintiff's Opposition relies on materials—including EEOC filings, EthicsPoint reports, internal correspondence, and purported exhibits reflecting a "continuing pattern" of conduct—that are neither attached to nor incorporated by reference in the Complaint. (See Pl. Opp. Br. at 3–5; Pl. Exs. A–J.) None of these materials are properly before the Court under Local Civil Rule 7.2(a) and fall outside the narrow categories the Court may consider on a Rule 12(b)(6) motion.

At this stage, the Court's review is confined to the Complaint, its exhibits, matters of public record, and undisputedly authentic documents that are explicitly referenced in or relied upon. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010); In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). Courts may, in limited circumstances, take judicial notice of EEOC charges or right-to-sue letters as matters of public record, but only when their authenticity is undisputed and the complaint expressly relies upon them. See Branum v. UPS, 232 F.R.D. 505, 507 n.1 (W.D. Pa. 2005). No such circumstances exist here. The Complaint does not reference or rely upon the EEOC charge or the other materials Plaintiff now submits. Accordingly, these extra-pleading materials may not be considered. See also Point I supra.

Even if these materials were properly before the Court, they do not preclude dismissal. The EEOC correspondence and notices predate the filing period and do not establish exhaustion; the EthicsPoint and internal Human Resource submissions are private communications, not public

records; and the remaining exhibits—emails, screenshots, and Veteran Affairs and Social Security Administration correspondence—add nothing that cures the Complaint's defects under Twombly and Iqbal. In short, the Court's review must remain confined to the four corners of the Complaint. Plaintiff's "supplemental" materials, along with the "new" facts, should be entirely disregarded.

## POINT III
## THE LITIGATION PRIVILEGE BARS ALL CLAIMS BASED ON CONDUCT RELATED TO THE FELA ACTION.

New Jersey's absolute litigation privilege, which extends to both attorneys and litigants, bars claims arising from conduct "having some relation" to judicial proceedings—including investigatory acts, witness preparation, and defense strategy. Hawkins v. Harris, 141 N.J. 207, 216 (1995); Loigman v. Twp. Comm. of Middletown, 185 N.J. 566, 585 (2006); Conte v. Promethean Inc., 2023 U.S. Dist. LEXIS 128194, at *19 (D.N.J. July 14, 2023). Plaintiff's opposition misstates this doctrine as he claims the privilege does not apply to acts of "malice, fraud, perjury, or extrajudicial conduct" and asserts Defendants engaged in "harassment, surveillance, intimidation, and defamation outside the courtroom." (Pl. Opp. Br. at 3–4). Those assertions are inaccurate; the Complaint alleges no conduct separate from Amtrak's defense of the FELA Action. Every act Plaintiff identified—"perjury," "false testimony," "surveillance," and "tracking devices"—is expressly tied to that proceeding. (Compl. ¶¶ 11.1–15.)

While not the case here, the privilege is absolute even if fraud or malice is alleged. Baglini v. Lauletta, 338 N.J. Super. 282, 295 (App. Div. 2001) (even false or malicious statements are protected if made in relation to judicial proceedings). Plaintiff's conclusory reference to some vague "extrajudicial conduct" is only in the Opposition and not set forth in his Complaint. See Point I, supra. As such, it does not alter the conclusion that the litigation privilege and mandates dismissal. Plaintiff's references to "post-employment retaliation" or "surveillance" after the FELA

verdict likewise fail as there are no such factual allegations in the Complaint. Even if credited, such allegations remain privileged as part of Amtrak's litigation defense and investigative efforts "related to the proceeding." Hawkins, 141 N.J. at 216.

## POINT IV
## PLAINTIFF'S OPPOSITION CONFIRMS, RATHER THAN CURES, THE COMPLAINT'S DEFICIENCIES.

Plaintiff's Opposition underscores, rather than remedies, the fatal defects identified in Defendants' moving papers. Although Plaintiff recites broad legal standards and attaches extraneous documents, none address the fundamental problem that the Complaint contains only conclusory allegations and fails to identify any well-pled facts would render any claim plausible under Twombly and Iqbal. Accordingly, each count of the Complaint remains legally deficient. Plaintiff's new arguments—addressed in turn below—merely repackage the same speculative narrative under different legal headings, confirming that dismissal with prejudice is warranted.

### A. Plaintiff's CEPA Retaliation Claim Is Time-Barred And Legally Deficient.

Plaintiff's Opposition argues that retaliation "persisted into 2023 and 2024," even though the Complaint contains no reference to 2024 conduct. (Pl. Opp. Br., at 5–6). The latest event alleged occurred on November 6, 2023, and the Complaint was filed August 6, 2025—nearly twenty-one months after the last alleged act in the Complaint. (Compl. ¶ 15). Based on the face of the Complaint, the CEPA claim is untimely.

Plaintiff's reliance on the continuing violations doctrine does not save his CEPA claim. CEPA's one-year statute of limitations runs from the date of the last discrete retaliatory act, not from an asserted "pattern" of continuing retaliation. Green v. Jersey City Bd. of Educ., 177 N.J. 434, 447 (2003) (continuing-violation doctrine inapplicable once employee is aware of the injury). Courts consistently decline to toll CEPA's limitations period where the complaint identifies discrete acts that are temporally and factually bounded. See, e.g., Sgro v. Bloomberg L.P., 331 F.

App'x 932, 938 (3d Cir. 2009) ("[D]iscrete acts—such as demotions, transfers, or other adverse employment actions—do not fall under the continuing violations doctrine."); Mandel v. M & Q Packaging Corp., 706 F.3d 157, 165–66 (3d Cir. 2013) (plaintiff must show all acts are part of one unlawful practice and that at least one falls within the limitations period); Illas v. Gloucester Cnty. Sheriff's Dep't, 2015 U.S. Dist. LEXIS 21753, at *5 (D.N.J. Feb. 24, 2015) (refusing to apply doctrine where complaint was "an amalgam of discrete acts and general allegations of hostile work environment"). Here, the Complaint alleges only isolated events connected to the 2023 FELA Action, not an ongoing practice extending into 2024.[2]

As explained in the moving brief, the CEPA claim is not supported by the factual allegations properly before this Court. The Complaint's single reference—that "Plaintiff reported these acts to HR Investigations and EthicsPoint, which failed to act"—is insufficient as a matter of law as it only points to perceived "unethical conduct," and does not sufficiently identify whether Plaintiff engaged in a whistleblowing activity based on a reasonable belief that a rule, law or regulation was violated. (Compl. ¶ 18); see Dzwonar v. McDevitt, 177 N.J. 451, 463 (2003).

Additionally, Plaintiff's Opposition does not address his failure to allege any adverse employment action resulting from his alleged whistleblowing actions. As Plaintiff fails to allege any termination, suspension, demotion, or other tangible change in employment status, he also cannot establish the requisite causal nexus between the protected activity and personnel decision. The Opposition fails to address that CEPA does not impose individual liability on Mr. Bonventre.

Accordingly, Count I is time-barred as the continuing-violation doctrine does not save the untimely claim and the claim remains legally deficient.

[2] While not properly before the Court, Plaintiff's Ethics Point submissions only reinforce the untimeliness of his claim as one was submitted in December 2023, clearly outside CEPA's one-year limitations period. (See Ex B). The second submission references alleged conduct from 2022 to 2023, which is also outside the limitations period. (Id.).

### B. Plaintiff's NJCRA Claim Fails.

Plaintiff's Opposition confirms rather than cures the defects in Count II. (Pl. Opp. Br., at 7-9). Plaintiff's conclusory assertion that Amtrak's "federally chartered authority" and "public function" transform it into a state actor under the NJCRA, invoking Dep't of Transp. v. Ass'n of Am. Railroads, 575 U.S. 43 (2015), is insufficient. The NJCRA, like 42 U.S.C. § 1983, reaches only state action—i.e., conduct "fairly attributable to the State," not the federal government. See Figueiras v. Newark Pub. Schs., 426 N.J. Super. 449, 468 (App. Div. 2012) (NJCRA "interpreted analogously to § 1983"). The "color of law" requirement demands a close nexus between the State and the challenged conduct such that the behavior "may be fairly treated as that of the State itself." Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001); Blum v. Yaretsky, 457 U.S. 991, 1004 (1982). **Plaintiff bears the burden of establishing that nexus.** Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).

Nothing in the Complaint satisfies that burden. The only related allegation states "Defendants acting under color of state or contractual authority deprived Plaintiff of rights including privacy, equal protection, and employment rights." (Compl.,¶ 21). That single conclusory sentence pleads no facts tying Amtrak to any state or local government, agency, or official. Courts routinely dismiss NJCRA claims where, as here, a plaintiff "fails to allege facts showing state action by a private employer." Flythe v. Ralph Lauren, Inc., 2016 U.S. Dist. LEXIS 159314, at *17 (D.N.J. Nov. 17, 2016). The absence of any "close nexus" or "interdependence" between Amtrak and the State is dispositive. See Groman, 47 F.3d at 638 ("interdependence between the state and private actor must be pronounced" to trigger state-actor status); O'Toole v. Klingen, 2017 U.S. Dist. LEXIS 5296, at *3 (D.N.J. Jan. 13, 2017) (dismissing NJCRA claim where plaintiff "failed to meet [his] burden of demonstrating that defendant was a state actor").

Plaintiff's reliance on DOT v. Ass'n of Am. Railroads is unavailing. That case held only that Amtrak "is a governmental entity **for purposes of determining the constitutional issues presented in that case**"—a question of federal separation-of-powers, not state-action status. DOT, 575 U.S. at 55 (emphasis added). Federal action is not "state action" under the NJCRA, which is limited by its text to deprivations "under color of state law." N.J.S.A. 10:6-2(c).

Plaintiff's suggestion that state licensure of private investigators converts Amtrak's defense contractors into state actors is likewise untenable; regulatory oversight does not create a "close nexus" for purposes of the NJCRA. See Blum, 457 U.S. at 1004 (government regulation or funding alone insufficient to attribute private conduct to the state).

Even if Plaintiff could establish state action—which he cannot—the NJCRA claim fails because it lacks any specific constitutional violation. The Complaint lists, and the Opposition repeats, "privacy, equal protection, and employment rights," but offers no factual basis for any deprivation. (Compl., ¶ 21); Matthews v. N.J. Inst. of Tech., 717 F. Supp. 2d 447, 452 (D.N.J. 2010) (specific constitutional violation required); Celestine v. Foley, 2010 U.S. Dist. LEXIS 132511, at *6 (D.N.J. Dec. 14, 2010) (same). Here, Plaintiff's allegations sound in defamation and workplace grievances—not constitutional deprivation—and are therefore insufficient.

Finally, the NJCRA claim is barred by CEPA's waiver provision. See N.J.S.A. 34:19-8. The waiver turns on factual overlaps, not label or legal theory. See Hillburn v. Bayonne Parking Auth., 2009 U.S. Dist. LEXIS 6762, at *27-29 (D.N.J. Jan. 30, 2009) (applying waiver where common-law and CEPA claims "arose from the same set of facts"); Matthews, 717 F. Supp. 2d at 452-53 (same). Here, both counts rest on identical allegations of retaliation and harassment stemming from the FELA Action. Plaintiff's assertion that the NJCRA claim involves "post-employment harassment" or "broader constitutional injuries" is belied by his own pleading, which

contains no such distinction. (Pl. Opp. Br., at 8). Because Count I and Count II share the same factual nucleus (as to all the counts in the Complaint), the NJCRA claim is waived as a matter of law. See Young v. Schering Corp., 141 N.J. 16, 27 (1995).

**C. Plaintiff's Invasion Of Privacy And Intrusion Upon Seclusion Claim Fails.**

Plaintiff's reliance on Villanova v. Innovative Investigations, Inc., 420 N.J. Super. 353 (App. Div. 2011), establishes there is no basis for his claim as that case defeats Plaintiff's claim. Villanova held that placing a GPS device on a shared family vehicle did not constitute an invasion of privacy because there was no evidence the plaintiff was tracked into a private or secluded location beyond public view. Id. at 363–64. The court expressly found that observation of movements in public spaces does not invade "seclusion" within the meaning of the tort. Id. at 362 ("A person traveling in an automobile on public streets has no reasonable expectation of privacy in his movements from one place to another."). Here, the Complaint similarly alleges only that "tracking devices were placed on [Plaintiff's] vehicles" and that he "was filmed at his VA facility," without identifying any private or nonpublic setting, trespass, or communication of private facts. (Compl., ¶ 14). Those threadbare assertions—like the failed claim in Villanova—are insufficient as a matter of law. The new "VA facility" and "therapy session" allegations raised in opposition do not appear anywhere in the Complaint; such assertions are extrinsic and cannot amend the pleadings. See Points I and II, supra. Because the pled facts describe only public or litigation-related surveillance, the claim fails to allege an intrusion "highly offensive to a reasonable person." Rivers v. Ultimate Transp., LLC, 2025 U.S. Dist. LEXIS 193791, at *11 (D.N.J. Sep. 29, 2025). Accordingly, Count III remains deficient as a matter of law.

**D. Plaintiff's Intentional and Negligent Infliction Emotional Distress Claims Fail.**

As Defendants previously established, Plaintiff's IIED and NIED claims are preempted by the LAD because they arise from the same factual predicate as his statutory

discrimination and retaliation claims. Catalane v. Gilian Instrument Corp., 271 N.J. Super. 476, 492 (App. Div. 1994); Quarles v. Lowe's Home Ctrs., Inc., 2006 U.S. Dist. LEXIS 97336, at *11 (D.N.J. Dec. 20, 2006). Here, Plaintiff simply repeats the same allegations of "harassment," "surveillance," and "retaliation" that underlie his other claims including CEPA and the LAD, and as such Count IV is preempted and must be dismissed.

Plaintiff's Opposition repeats his conclusory claim of "harassment, stalking, perjury, and surveillance," without identifying any conduct that meets the requisite "so outrageous in character" standard. (Pl. Opp. Br., at 12–13); see Buckley v. Trenton Sav. Fund Soc'y, 111 N.J. 355, 366 (1988). Courts consistently reject IIED claims based on ordinary workplace disputes or litigation conduct. See Madreperla v. Williard Co., 606 F. Supp. 874, 880 (E.D. Pa. 1985) ("[P]remediated plans[s] to force an employee to resign by making employment conditions difficult typically does not amount to extreme or outrageous conduct sufficient to sustain a cause of action for intentional infliction of emotional distress."); see also Fugarino v. Univ. Servs., 123 F. Supp. 2d 838, 845 (E.D. Pa. 2000) (finding that actions such as general criticism, public reprimand, professional disparagement, and personal disparagement does not serve as "extreme or outrageous" behavior for IIED claims).

As for NIED, Plaintiff identifies no independent duty owed by Amtrak apart from the employment relationship, and courts decline to impose a tort duty upon an at-will employer for alleged "stress" arising from personnel or litigation matters. See Casciano v. City of Paterson, 2023 U.S. Dist. LEXIS 137619, at *8-9 (D.N.J. Aug. 8, 2023) (dismissing NIED claim where the complaint failed to plead a duty and how it was breached).

### E. Plaintiff's Aiding And Abetting And Civil Conspiracy Theories Are Derivative And Fail As A Matter Of Law.

Once again, Plaintiff's Opposition simply repackages the same conduct alleged

elsewhere—Amtrak's coordination with its counsel and investigators—as a "scheme" or "joint plan," but fails to point to factual allegations establishing an agreement or "knowing and substantial assistance." (Pl. Opp. Br., at 13–14); See Tarr v. Ciasulli, 181 N.J. 70, 84 (2004) (aiding-and-abetting requires actual knowledge and substantial assistance). The Complaint alleges only that Amtrak retained VRC investigators (Compl.,¶ 12), which only reflects agency—not conspiracy. As previously set forth, under the intracorporate-conspiracy doctrine, a corporation cannot conspire with its own agents acting within the scope of employment. Heffernan v. Hunter, 189 F.3d 405, 412 (3d Cir. 1999). Plaintiff's conclusory assertion that VRC is "separate" is neither set forth in the Complaint nor material. (Pl. Opp. Br., at 14). Any alleged coordination between VRC and counsel constitutes ordinary litigation activity undertaken on Amtrak's behalf, and is not an independent tort. Further, aiding-and-abetting and conspiracy claims cannot survive absent a viable underlying tort. Banco Popular N. Am. v. Gandi, 184 N.J. 161, 177 (2005). Here all underlying claims fail as a matter of law because they are not plausible or time-barred, privileged, or preempted. Count V should therefore be dismissed with prejudice.

### F. Plaintiff's ADA And LAD Claims Fail.[3]

Apparently aware that his Complaint does not support the ADA or LAD claims, Plaintiff's Opposition relies on documents and information not set forth in the pleading including "EEOC records," "EthicsPoint documentation," and "Exhibits I–M." (Pl. Opp. Br., at 15–17) These materials should be disregarded, but even if appropriate, they do not cure the current defects.

First, Plaintiff does not allege any adverse employment action within the meaning of the

[3] Notably, in Plaintiff's Motion for Remand (ECF No. 7), Plaintiff expressly represented that his "disability-related claims are intended under the LAD, not as freestanding federal ADA claims," and that "remand is required where state law provides the primary basis for the claims." (Id. at 2–3.) Having affirmatively disclaimed any standalone ADA cause of action to seek remand, Plaintiff cannot now rely on the ADA to oppose dismissal. Plaintiff may not assert mutually inconsistent positions in successive filings.

ADA or LAD. The Complaint and the Opposition do not identify any termination, demotion, pay cut, or failure to hire—only surveillance and reputational harm, which are not actionable. See Patti v. Ibarrondo, 2023 U.S. Dist. LEXIS 133824, at 12 (D.N.J. Aug. 1, 2023) (adverse employment actions require tangible change in employment terms). Second, Plaintiff fails to plead a disability-based failure-to-accommodate claim. He identifies no specific disability, essential job function, requested accommodation, or vacant position—such omissions are fatal. Tynan v. Vicinity Corp., 351 N.J. Super. 385, 400 (App. Div. 2002) (plaintiff must identify specific accommodation request and employer's response). Assertions that Amtrak "blocked access to postings" or "ignored requests" are conclusory and unsupported by any factual particulars (and not in the Complaint). (Pl. Opp. Br., at 15).

Third, Plaintiff cannot overcome the timeliness issues. The EEOC materials are attached to the Opposition (Pl. Exs. A-B) include an April 5, 2024, Charge of Discrimination, and a May 2, 2024, Notice of Right to Sue ("Notice"). These documents do not support Plaintiff's ADA claim. As an initial matter, the Notice was over a year before this action was filed on August 6, 2025. And as such, Plaintiff failed to file within 90 days, and his ADA claim is time-barred. See Marra v. Madison Square Garden Ent. Corp., 2023 U.S. Dist. LEXIS 180581, at *11 (D.N.J. Oct. 6, 2023) (dismissing ADA claim as untimely where complaint filed beyond 90-day window). Further, the EEOC documents do not show that the EEOC "believed" there was merit to Plaintiff's discrimination claim. Rather, the Notice expressly states that "the EEOC has granted [Plaintiff's] request that the agency issue a Notice of Right to Sue" and that "the EEOC is terminating its processing of [the] charge," confirming that the administrative process was closed at Plaintiff's own request, not through agency finding. Those documents therefore underscore, not refute, that any ADA claim is precluded. Moreover, Plaintiff's later EEOC communications from 2025 (Pl.

Exs E-G) show no new charge was filed, further confirming that administrative remedies have not been exhausted See McNasby v. Crown Cork & Seal Co., 888 F.2d 270, 281 (3d Cir. 1989).

## CONCLUSION

For the foregoing reasons, and as set forth in Defendants' moving papers, Plaintiff's Complaint is subject to dismissal in its entirety, with prejudice.

Respectfully submitted,

JACKSON LEWIS P.C.

By: */s Carla D. Macaluso*
Carla D. Macaluso
Kea S. Noyan

Dated: October 27, 2025
4897-1525-1829, v. 1