# EXHIBIT 1

2014 WL 3345592
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court, D. New Jersey.

Mary SMITH, Plaintiff,
v.
CONSECO LIFE INS. CO., Defendant.

No. 2:13–cv–5253 (WHW).
|
Signed July 8, 2014.

**Attorneys and Law Firms**

Robert J. Degroot, Newark, NJ, for Plaintiff.

Elizabeth Ann Kenny, Steven P. Del Mauro, McElroy, Deutsch, Mulvaney & Carpenter, LLP, Newark, NJ, for Defendant.

**OPINION**

WALLS, Senior District Judge.

**\*1** Defendant moves for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The motion, decided from the written submissions of the parties under Rule 78, is granted.

**FACTUAL AND PROCEDURAL HISTORY**

William Michael Patterson purchased a life insurance policy in December 1993 from Massachusetts General Life, the predecessor to Conseco Life Insurance Company ("Conseco Life" or "Defendant"). Compl. ¶ 3 (ECF No. 1); Def.'s Mot. for Partial J. on the Pleadings ("Def.'s Mot. JOP"), Certification of E. Kenny ("Kenny Cert.") ¶ 5 (ECF No. 10–2); id. Ex. C (the "Policy"). Plaintiff, Mary Smith, was the named beneficiary. Compl. ¶ 4; Policy at CLIC000017. Patterson died October 2, 2012 at age 67. Compl. ¶ 8. Plaintiff filed a claim for benefits of $300,000, id. ¶ 9, but Defendant denied it because it had canceled the policy after Patterson stopped making premium payments in July 2012, id. ¶ 10.

Plaintiff filed her complaint on September 2, 2013. It states two counts: one for breach of contract and one that Defendant "acted in bad faith." Id. ¶¶ 11–19. Both are grounded in the same allegations: that Defendant failed to notify the insured (or a third party) that he had fallen behind on his premium payments, id. ¶¶ 13, 17, that this failure caused the lapse in the policy, id. ¶ 14, and that Defendant wrongly denied Plaintiff's claim for benefits, id. ¶ 18. In addition, Plaintiff accuses Defendant of failing to annually remind the insured of his right to designate a third party to receive such notices, as required by a New Jersey statute regarding senior citizen insureds. See id. ¶¶ 6–7 (citing N.J.A.C. § 11:2–19.3).[1]

In its answer, Defendant admits that Plaintiff was the "named beneficiary" of the insured's policy, Answer ¶ 4 (ECF No. 3), and that it canceled the policy and denied the claim because of failure to pay premiums after July 2012, id. ¶ 10. But it denies that this amounts to a breach of contract, that it acted in bad faith or that it caused Plaintiff any damages. Id. ¶¶ 13–15, 17–19. Defendant also denies that N.J.A.C. § 11:2–19.3 (i.e., N.J.S.A. § 17:29C–1.2) is applicable to this case. Id. ¶¶ 6–7.

On March 10, 2014, Defendant moved for partial judgment on the pleadings, arguing that the reason N.J.S.A. § 17:29C–1.2 does not apply is because it became effective in 2000 and is not "retroactive" to policies entered before that year. Def.'s Mot. JOP at 2. Plaintiff argues that retroactivity is not at issue. Pl.'s Opp'n to Def.'s Mot. for J. on the Pleadings at 4, 22 (ECF No. 11–3). In reply, Defendant clarified that it moves only with regard to the third party notice statute, not with regard to Plaintiff's accusations about notice to the insured. Def.'s Reply at 1 (ECF No. 12).

The parties' submissions did not address the question of whether N.J.S.A. § 17:29C–1.2 implies a private right of action, so on June 10, 2014, the Court asked the parties to submit briefs on that issue. Letter order (ECF No. 14) (citing *Estate of Gleiberman v. Hartford Life Ins. Co.*, 94 Fed. App'x 944, 947 (3d Cir.2004), which states that N.J.S.A. § 17:29C–1.2 does not contain an explicit private right of action). The parties did so. (ECF Nos. 15, 17.)

**STANDARD OF REVIEW**

 **\*2**  A motion under Rule 12(c) is decided under the same standard applicable to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Turbe v. Gov't of Virgin Islands,* 938 F.2d 427, 428 (3d Cir.1991). That standard requires a court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Broadcom Corp. v. Qualcomm Inc.,* 501 F.3d 297, 306 (3d Cir.2007) (quotation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires more than mere speculation: "[a] motion for judgment on the pleadings, like a motion to dismiss, will be granted if the plaintiff has not articulated enough facts to 'raise a right to relief above the speculative level.' " *Bangura v. City of Philadelphia,* 338 Fed. App'x 261, 264 (3d Cir.2009) (citing *Twombly* ).

In aid of its analysis, the Court may consider the allegations of the complaint, as well as documents "integral to or specifically relied on in the complaint" without converting the motion to one for summary judgment. *Mele v. Fed. Reserve Bank of N.Y.,* 359 F.3d 251, 256 n. 5 (3d Cir.2004) (citing *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir.1997)); *see also* Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1357 at 299 (3d ed.**2014**) (noting that courts routinely consider "exhibits attached to the complaint whose authenticity is unquestioned").

A federal court sitting in diversity must apply the substantive law of the forum state. *Highland **Ins. Co.** v. Hobbs Group, LLC,* 373 F.3d 347, 351 (3d Cir.2004). Where the state's supreme court has not ruled on an issue, the court must predict how it would rule. *Holmes v. Kimco Realty Corp.,* 598 F.3d 115, 118 (3d Cir.2010). "To that end the federal court may consider a wide range of reliable sources, including relevant state precedents, analogous decisions and reasoned dicta, as well as the policies and doctrinal trends informing and emerging from those decisions." *Highland **Ins**. **Co**.,* 373 F.3d at 351.

**DISCUSSION**

The first question is whether Plaintiff may assert a private right of action for violation of N.J.S.A. § 17:29C–1.2. She cannot.

**I. The New Jersey Standard for an Implied Private Right of Action.**
The Third Circuit has said, with regard to N.J.S.A. § 17:29C–1.2, "this statute does not provide a private right of action." *Estate of Gleiberman,* 94 Fed. App'x at 947 (finding that the district court correctly dismissed a statutory claim for this reason, among others). Instead, under New Jersey Administrative Code § 11:2–19.4, violation of this statute (codified in the Administrative Code at § 11:2–19.3) subjects an insurer to penalties under N.J.S.A. §§ 17:33–2 and 17B:21–2, which explain that fines of $1,000 to $2,000 "shall be enforced and collected by" the commissioner of the state's Department of Banking and Insurance (DOBI).

 **\*3**  Although a statute lacking an explicit private right of action may imply one, "New Jersey courts have been reluctant to infer a statutory private right of action where the Legislature has not expressly provided for such action." *R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer **Ins**. **Co**.,* 168 N.J. 255, 271, 773 A.2d 1132 (2001). Determining if a private right of action exists is based on whether: "(1) plaintiff is a member of the class for whose special benefit the statute was enacted; (2) there is any evidence that the Legislature intended to create a private right of action under the statute; and (3) it is consistent with the underlying purposes of the legislative scheme to infer the existence of such a remedy." *Id.* at 272, 773 A.2d 1132 (applying the test from *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), as adopted by New Jersey in

*In re State Comm'n of Investigation,* 108 N.J. 35, 41, 527 A.2d 851 (1987)). In considering these factors, "the primary goal has almost invariably been a search for the underlying legislative intent." *Id.* (quoting *Jalowiecki v. Leuc,* 182 N.J.Super. 22, 30, 440 A.2d 21 (App.Div.1981)).[2] It is particularly "unlikely" to find a private right of action in an area, like insurance, where a comprehensive legislative scheme provides for enforcement by regulators: "[i]n the context of insurance statutes, our courts have ... concluded that where there is no discernable legislative intent to authorize a private cause of action in a statutory scheme that already contains civil penalty provisions, the courts will not infer a private cause of action." *Id.* at 275, 440 A.2d 21. See also *Medical Society of N.J. v. Amer i-Health HMO, Inc.,* 376 N.J.Super. 48, 59, 868 A.2d 1162 (App.Div.2005) ("This is specifically the case with insurance statutes.").

In *R.J. Gaydos,* plaintiff insurance agents asserted a breach of contract claim premised on violation of a state insurance regulation, the Fair Automobile Insurance Reform Act ("FAIRA"). 168 N.J. at 271, 773 A.2d 1132. Applying the three-part *Cort* test, the New Jersey Supreme Court declined to find an implied private right of action because the statute was designed to benefit consumers, not agents, because there was no indication of legislative intent to create a private right of action, given that the "statutory scheme vests enforcement powers exclusively in the Commissioner," and because allowing such an action would "undermine the State's ability to properly regulate" the industry. *Id.* at 279–81, 773 A.2d 1132. The court remanded the matter to the trial court with instructions to refer to the DOB I the determination of whether the insurer had violated the FAIR Act. *Id.* at 283–84, 773 A.2d 1132. If it had, the Court said, the plaintiff could return to court on a claim for breach of the implied duty of good faith and fair dealing. *Id.* Other cases have also declined to find private rights of action under New Jersey insurance statues. *See, e.g., Assoc. of N.J. Chiropractors, Inc. v. Horizon Healthcare Svcs., Inc.,* No. A–6033–11T4, 2013 WL 5879517, at *4 (N.J.Super.Ct.App.Div. Nov.4, 2013) (affirming the trial court's finding that a state statute does not allow chiropractors a private right of action because the statute was designed to benefit consumers, not practitioners, there were no signs of legislative intent, and allowing practitioners a private right of action "would create tension with the [DOBI's] extensive regulatory authority"); *Med. Soc'y of N.J. v. AmeriHealth HMO, Inc.,* 376 N.J.Super. 48, 58, 868 A.2d 1162 (N.J.App.Div.2005) (affirming a trial court's finding that a state statute regarding payment of health care providers does not allow an association of physicians a private right of action, finding instead that it must file a complaint with the DOBI). *But see Ensey v. Gov't Employers Ins. Co.,* No. 12–cv–07669 JEI, 2013 WL 5963113, at *3 (D.N.J. Nov.7, 2013) ("Failure to satisfy this statutory obligation [regarding uninsured motorist coverage] can ground a private right of action.") (citing *Wei nsich v. Sawyer,* 123 N.J. 333, 340, 587 A.2d 615 (1991); *Avery v. Wysocki,* 302 N.J.Super. 186, 191, 695 A.2d 283 (App.Div.1997)), *recon. denied,* 2014 WL 941359 (D.N.J. Mar.11, 2014).

**\*4** New Jersey's state courts have not addressed whether an implied private right of action exists under N.J.S.A. § 17:29C–1.2 and the Third Circuit in *Gleiberman* addressed only the absence of an explicit right of action. The Court has considered whether to infer a private right of action based on its best prediction of how the Supreme Court of New Jersey would treat the issue and the submissions of the parties.

**a) There is No Implied Private Right of Action Under the Statute.**

The Supreme Court of New Jersey would most likely find no implied private right of action for violation of N.J.S.A. § 17:29C–1.2.

Here, Plaintiff is a member of the class for whose benefit the statute was enacted—namely, the beneficiary of a life insurance policy held by an insured until a few months before his death. This weighs in favor of finding an implied private right of action.

But, as in *R.J. Gaydos,* there is no evidence that the New Jersey Legislature intended to create a private right of action and inferring one would run counter to the legislative scheme. There is no language in the statute implying a private right of action, and the state Assembly and Senate committee reports unfortunately do little more than repeat verbatim the words of the statute as adopted. Staff of Assemb. Comm. on Senior Issues and Cmty. Svcs., 208th Leg., Rep. on A.B. 307 (1998); Staff of S. Comm. on Senior Citizens, Veterans'

Affairs and Human Svcs., 208th Leg., Rep. on A.B. 307 (1999). The question is not, as Plaintiff suggests, whether "the New Jersey State Legislature intended to afford greater protections to senior citizen insureds," Pl.'s Supp. Br. at 2–5 (ECF No. 17), as indicated by the language of the statute and the legislature's unanimous support for the measure, _id._ at 9 n. 5, 773 A.2d 1132, but whether there was intent to create a private right of action. _See, e.g., Beye v. Horizon Blue Cross Blue Shield of N.J.,_ 568 F.Supp.2d 556, 571 (D.N.J.2008) ("[T]he key inquiry is whether Congress intended to provide the plaintiff with a private right of action.") (quoting _First Pacific Bancorp, Inc. v. Helfer,_ 224 F.3d 1117, 1121–22 (9th Cir.2000)). The lack of any such intent weighs against inferring a right of action.

It would not be consistent with the legislative scheme to infer a private remedy. Though the statute subjects violators to fines of up to $2,000, Plaintiff says "[t]he $2,000 fine is not sufficient to accomplish the remedial purpose of the statute to prevent lapses in coverage ..." Pl.'s Supp. Br. at 9. Plaintiff also points to two cases where courts have allowed private rights of action for violation of statutory notice provisions: _Echevarrias v. Lopez,_ 240 N.J.Super. 104, 572 A.2d 671 (App.Div.1990) and _Barbara Corp. v. Bob Maneely Ins. Agency,_ 197 N.J.Super. 339, 484 A.2d 1292 (App.Div.1984). In those cases, New Jersey's Appellate Division held that an insurer could be liable under § 17:29C–1, a state statute requiring insurers to notify their insureds of any plan to not renew a policy. In _Barbara Corporation,_ the court held that § 17:29C–1 required an insurer to notify its insured it was being cut off, regardless of whether its plan to not renew was absolute or conditional. 197 N.J.Super. at 345, 484 A.2d 1292. The court said that this reading of the statute was "necessary to effectuate fully the legislative intent—the prevention of lapse in coverage." Neither case discusses the fact that the statute does not provide an explicit right of action and that § 17:29C–1, like § 17:29C–1.2, is governed by the civil penalty provisions of § 17:33–2. Importantly, these cases predate the guidance from the Supreme Court of New Jersey in _R.J. Gaydos._

**\*5** A private right of action is not consistent with the "underlying purpose of the legislative scheme." This Court is obliged to heed the words of New Jersey's Supreme Court, which disfavors finding an implied private right of action in the context of a "comprehensive legislative scheme including an integrated system of procedures for enforcement," such as "civil penalty provisions." _R.J. Gaydos,_ 168 N.J. at 275, 773 A.2d 1132 (quoting _In re Commissioner of Insurance's March 24, 1992 Order,_ 256 N.J.Super. 158, 176, 606 A.2d 851 (App.Div.1992)). The course set out in R.J. Gaydos holds here as well.

b) Conclusion

Because the Court finds that Plaintiff cannot assert a private right of action for violation of N.J.S.A. § 17:29C–1.2, it does not reach the question of whether the statute applies retroactively.

**CONCLUSION**

Defendant's motion is granted with regard to Plaintiff's statutory claim under N.J.S.A. § 17:29C–1.2 and N.J.A.C. § 11:2–19.3. Plaintiff's claim, to that extent only, is dismissed with prejudice.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 3345592

Footnotes

1   This is the regulatory enactment of N.J.S.A. § 17:29C–1.2.

2   The Third Circuit has noted that the three-part test from _Cort_ is now disfavored and instead, the focus is solely on legislative intent. _Wisniewski v. Rodale, Inc.,_ 510 F.3d 294, 301 (3d Cir.2007). Because this case is here on diversity jurisdiction, however, the relevant law is that of New Jersey, where legislative intent is the "primary" but not exclusive focus. _See, e.g., Brockwell & Carrington Contractors, Inc. v. Dobco, Inc.,_ A–4869–11T3, 2013 WL 6800074, at \*5 (N.J.Super.Ct.App.Div. Dec.26, 2013).

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 2

KeyCite Yellow Flag

Distinguished by Transportation Insuance Company v. American Harvest Baking Company, Inc., D.N.J., December 16, 2015

2014 WL 3809173
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court, D. New Jersey.

Loveth **JAPHET**, Plaintiff,
v.
The **FRANCIS** E. **PARKER** MEMORIAL **HOME**, INC. and Dawn Kellerman, Defendants.

Civil Action No. 14–01206 (SRC).
|
Signed July 31, **2014**.

**Attorneys and Law Firms**

Neal M. Unger, East Brunswick, NJ, for Plaintiff.

Jed L. Marcus, Bressler, Amery & Ross, PC, Florham Park, NJ, for Defendants.

**OPINION**

CHESLER, District Judge.

**\*1** This matter is before the Court upon the motion to dismiss the Complaint, filed by Defendant Dawn Kellerman ("Kellerman") pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket Entry 7.] Plaintiff Loveth **Japhet** ("Plaintiff") has opposed the motion. [Docket Entry 8.] The Court has considered the parties' submissions, and will rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the foregoing reasons, the Court will grant the motion and dismiss the Complaint against Kellerman without prejudice.

**I. Background**

This is a wrongful termination action that asserts claims under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654, as well as New Jersey's Workers' Compensation Law, N.J. Stat. Ann. §§ 34:15–1 to –142, and Law Against Discrimination ("LAD"), N.J. Stat. Ann. §§ 10:5–1 to –49.[1] The terse Complaint alleges that Plaintiff was employed by Defendant the **Francis** E. **Parker** Memorial **Home** ("**Parker Home**") as a nursing assistant, and was fired by the "Defendants" for "for seeking Workers' Compensation Benefits." (Compl. at 2.) The Complaint does not contain factual allegations describing any conduct specifically undertaken by Kellerman, and indeed, besides alleging that Kellerman occupies a "supervisory and/or management position[ ]," does not describe who Kellerman is. (*See id.*) Only in the brief filed in opposition to the motion does Plaintiff indicate for the first time that Kellerman is the Human Resource manager who actually did the firing. (*See* Opp. Br. at 4.) Of course, a complaint may not be amended in briefs filed in opposition to a motion for failure to state a claim. *See Frederico v.* ***Home*** *Depot,* 507 F.3d 188, 201–02 (3d Cir.2007).

**II. Discussion**

**A. Legal Standard**

Where a defendant moves post-Answer to dismiss a complaint pursuant to Rule 12(b)(6), a court must treat the motion as one for judgment on the pleadings filed pursuant to Rule 12(c). *Turbe v. Gov't of Virgin Islands,* 938 F.2d 427, 428 (3d Cir.1991) ("because [defendant] filed its motion after it had already filed an answer, the motion must be considered a Rule 12(c) motion. Nevertheless, Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings."). In this case, however, the distinction is one without a difference, as "[a] motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Revell v. Port Auth.,* 598 F.3d 128, 134 (3d Cir.2010).

Those standards are well-established. A complaint will survive a motion to dismiss for failure to state a claim only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). Following *Iqbal* and *Twombly,* the Third Circuit has held that to prevent dismissal of a claim the complaint must show, through the facts alleged, that the plaintiff is entitled to relief. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir.2009). In other words, the facts alleged "must be enough to raise a right to relief above the speculative level ....' " *Eid v. Thompson,* 740 F.3d 118, 122 (3d Cir.**2014**) (quoting *Twombly,* 550 U.S. at 555). While the Court must construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as factual allegation." *Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir.2007); *Fowler,* 578 F.3d at 210–11; *see also Iqbal,* 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

### B. Analysis

**\*2** Kellerman's motion covers more ground than it needs to. The motion describes in some detail the factual allegations necessary to state claims for relief against individual defendants such as Kellerman under the causes of action alleged; the motion then explains how the Complaint fails in that task. (*See* Mov. Br. at 4–6.) Were such detailed analysis necessary here, the Court is confident Kellerman's treatment would be correct. Kellerman's arguments, however, presuppose that some facts vis a vis Kellerman exist at all. But as currently constructed, it is impossible for this Court to read the Complaint and have any idea what Kellerman did to get named in this lawsuit, let alone what she did that would make her plausibly "liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. *A fortiori,* then, the Complaint is woefully deficient as to the factual allegations necessary to satisfy the various elements of the claims alleged against her. *See, e.g., Haybarger v. Lawrence Cty. Adult Probation and Parole,* 667 F.3d 408, 417 (3d Cir.2012) (holding that individual FMLA liability requires a showing by plaintiff that the individual "exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest" (internal quotation and marks omitted)).

In light of these readily apparent deficiencies, Plaintiff's acerbic opposition brief is surprising. Plaintiff argues, at various points, that Kellerman's motion is "preposterous[ ]," "absurd," and "meritless." (*See* Opp. Br. at 1, 8, 13.) In other words, it is Plaintiff's position that the Complaint is so bulletproof that Kellerman is foolish to challenge it. This rhetoric is difficult to square with the face of the Complaint, which is, as Kellerman correctly highlights, devoid of facts; Plaintiff seems to confuse her bald legal conclusions and threadbare allegations against "Defendants" generally with factual allegations of misconduct sufficient to plausibly give rise to Kellerman's liability specifically. (*See* Opp. Br. at 1 ("Plaintiff alleges that all Defendants engaged in the actionable conduct, and Defendant Kellerman is a Defendant.").) Without belaboring the point, group pleading of the kind practiced in the instant Complaint undermines the notice pleading regime of Rule 8 and is a technique best relegated to a bygone era, if in fact it was ever acceptable then. *See Twombly,* 550 U.S. at 555 ("Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))). Alleging that "Defendants" undertook certain illegal acts—without more—injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom when. Such speculation is anathema to contemporary pleading standards. *See id.*

**\*3** The Complaint against Kellerman must therefore be dismissed. The dismissal will be without prejudice, and Plaintiff shall have leave to file an Amended Complaint within thirty (30) days. *See Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3d Cir.2008) ("if a complaint is vulnerable to a 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile").

### III. Conclusion

For the foregoing reasons, the Court will grant Defendant Dawn Kellerman's motion for judgment on the pleadings. [Docket Entry 7.] The Complaint will

be dismissed without prejudice. An appropriate Order will be filed herewith.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 3809173

Footnotes

1  The Complaint, originally filed in the Superior Court of New Jersey, was removed to this Court on February 25, 2014. [Docket Entry 1.] Subject matter jurisdiction over the FMLA claim is proper pursuant to 28 U.S.C. § 1331, and Plaintiff's state law claims are before the Court under 28 U.S.C. § 1367(a).

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.