UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

BELTON C. HAIG, SR., Civil Action No. 2:25-cv-15438-CCC-AME

Plaintiff,

v. Hon. Claire C. Cecchi

NATIONAL RAILROAD PASSENGER

CORPORATION (AMTRAK), et al.,

Defendants.

PLAINTIFF'S BRIEF IN OPPOSITION TO VRC DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

**I. PRELIMINARY STATEMENT**

Defendants VRC Investigations, Edward Belenguer, and Leroy Kelly II (collectively, the “VRC Defendants”) move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), seeking dismissal of Plaintiff’s Complaint in its entirety before any discovery has occurred. The motion should be denied.

A Rule 12(c) motion is governed by the same standard applicable to a Rule 12(b)(6) motion and requires the Court to accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. At this stage, the Court may not weigh evidence, assess credibility, or resolve disputed factual issues. Yet that is precisely what the VRC Defendants ask this Court to do.

The VRC Defendants’ motion rests almost entirely on affirmative defenses and fact-intensive doctrines — including the litigation privilege, statute of limitations, and lack of employment or state-actor status — that are not properly resolved on the pleadings where, as here, Plaintiff has plausibly alleged coordinated conduct, ongoing and concealed wrongdoing, and extra-judicial surveillance and actions extending beyond testimonial participation in prior litigation. Each of these defenses depends on factual determinations concerning timing, scope, purpose, and knowledge that cannot be made without a developed evidentiary record.

Rather than demonstrating that Plaintiff has failed to state plausible claims, the VRC Defendants repeatedly recast Plaintiff’s allegations as “lawful,” “privileged,” or already adjudicated, inviting the Court to accept Defendants’ characterization of the facts and to resolve credibility disputes

in their favor. Rule 12(c) does not permit such fact-finding, nor does it authorize dismissal where discovery is necessary to determine whether asserted defenses apply.

At minimum, Plaintiff is entitled to discovery to test Defendants' assertions regarding the scope of their conduct, the nature of their coordination with Amtrak and its counsel, the extent and timing of the alleged surveillance and concealment, and whether the protections Defendants invoke apply to the conduct alleged. Because the Complaint plausibly alleges claims that are inherently fact-dependent, and because Defendants' motion improperly seeks to short-circuit the litigation process, the motion for judgment on the pleadings should be denied.

## II. LEGAL STANDARD GOVERNING RULE 12(c) MOTIONS

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is evaluated under the same standard as a motion to dismiss under Rule 12(b)(6). The Court must accept all well-pleaded factual allegations as true, construe the complaint in the light most favorable to the non-moving party, and determine whether the complaint states a plausible claim for relief.

At the pleadings stage, the Court's role is limited. It may not weigh evidence, resolve factual disputes, or assess credibility. Instead, the Court must draw all reasonable inferences in favor of the plaintiff.

Although affirmative defenses may be considered on a Rule 12(c) motion in limited circumstances, dismissal is appropriate only where the defense is apparent on the face of the complaint. Where the applicability of an affirmative defense depends on disputed facts or requires factual development, resolution at the pleadings stage is improper.

## III. THE LITIGATION PRIVILEGE CANNOT BE RESOLVED AT THE PLEADINGS STAGE

The VRC Defendants' motion relies heavily on the assertion that all claims against them are barred by the litigation privilege. This argument fails because the applicability and scope of the litigation privilege are inherently fact-dependent and cannot be resolved on a Rule 12(c) motion where the Complaint plausibly alleges extra-judicial conduct, coordinated activity, and actions extending beyond testimonial participation in prior litigation.

### A. Application of the Litigation Privilege Requires Factual Determinations

Whether the litigation privilege applies depends on factual determinations concerning the timing, scope, purpose, and nature of the challenged conduct. Plaintiff alleges surveillance, monitoring, and coordinated actions occurring outside the courtroom and beyond sworn testimony. Whether such conduct was undertaken solely to advance legitimate litigation objectives, or instead exceeded permissible bounds, presents factual questions that cannot be resolved on the pleadings.

### B. Extra-Judicial Surveillance Is Not Automatically Privileged

The VRC Defendants improperly treat the litigation privilege as a blanket immunity for all investigative conduct undertaken during litigation. New Jersey law does not support such an expansive application. Where, as here, Plaintiff plausibly alleges non-testimonial conduct and extra-judicial actions, the scope of any privilege cannot be determined without discovery.

### C. Defendants Seek Improper Fact-Finding

Defendants repeatedly characterize their conduct as “lawful” and “privileged,” and urge the Court to accept those conclusions. Such characterizations are disputed factual issues that cannot be resolved on a Rule 12(c) motion.

**D. Discovery Is Required**

At minimum, discovery is necessary to determine whether the litigation privilege applies to the conduct alleged. Accordingly, dismissal on this basis is premature.

**IV. THE STATUTE OF LIMITATIONS DEFENSE IS PREMATURE**

the pleadings. Plaintiff alleges ongoing and concealed conduct and delayed discovery of the alleged wrongdoing. When Plaintiff knew or reasonably should have known of the conduct at The statute of limitations is an affirmative defense that is rarely appropriate for resolution on issue presents factual questions that cannot be resolved without discovery.

Defendants' limitations argument depends on disputed assumptions about accrual, discovery, and the duration of the alleged conduct. Rule 12(c) requires the Court to draw reasonable inferences in Plaintiff's favor, not Defendants'.

**V. VRC DEFENDANTS' NON-EMPLOYER STATUS DOES NOT WARRANT DISMISSAL**

The VRC Defendants argue that dismissal is required because they were not Plaintiff's employer. This argument mischaracterizes Plaintiff's claims, which are premised on coordinated conduct, aiding and abetting, and knowing participation.

Non-employer defendants may be liable where they knowingly and substantially assist or participate in unlawful conduct. Plaintiff plausibly alleges that the VRC Defendants acted in coordination with Amtrak and its agents. Whether their conduct rises to the level of knowing participation is a fact-intensive inquiry requiring discovery.

**VI. DEFENDANTS' NJCRA AND STATE-ACTION ARGUMENTS ARE FACT-DEPENDENT**

Whether conduct constitutes state action under the NJCRA is a context-specific inquiry that depends on the nature of the relationship between the defendants and the governmental or quasi-governmental entity involved, as well as the degree of coordination alleged.

Plaintiff plausibly alleges coordinated conduct involving a federally chartered entity. Determining whether that conduct is fairly attributable to state action requires factual development and cannot be resolved at the pleadings stage.

**VII. DEFENDANTS IMPROPERLY SEEK FACT-FINDING AND CREDIBILITY DETERMINATIONS**

Throughout their motion, the VRC Defendants ask the Court to accept Defendants' version of disputed events and to resolve credibility issues in their favor. Rule 12(c) does not permit such determinations.

Where a complaint plausibly alleges conduct that, if proven, could entitle the plaintiff to relief, dismissal is improper regardless of Defendants' contrary characterizations.

**VIII. AT MINIMUM, PLAINTIFF IS ENTITLED TO DISCOVERY**

Even if the Court harbors questions regarding the ultimate merits of Plaintiff's claims, dismissal at this stage is unwarranted. Defendants' arguments depend on factual determinations that cannot be made without discovery. At minimum, Plaintiff is entitled to discovery to test Defendants' assertions.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the VRC Defendants' Motion for Judgment on the Pleadings in its entirety. In the alternative, Plaintiff requests that any dismissal be without prejudice and with leave to amend following discovery.

Respectfully submitted,

/s/ Belton C. Haig Sr.
Belton C. Haig Sr.
67 Salmon Road
Landing, NJ 07850
Telephone: 862-324-5838
Email: beltonhaig1@gmail.com
Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of December, 2025, I filed the foregoing Plaintiff's Brief in Opposition to the VRC Defendants' Motion for Judgment on the Pleadings with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

/s/ Belton C. Haig Sr.