JacksonLewis

**Jackson Lewis P.C.**
200 Connell Drive, Suite 2000
Berkeley Heights NJ 07922
(908) 795-5200 Main
(908) 464-2614 Fax
jacksonlewis.com
Jason C. Gavejian – Managing Principal

CARLA D. MACALUSO
EMAIL ADDRESS: CARLA.MACALUSO@JACKSONLEWIS.COM

KEA S. NOYAN
EMAIL ADDRESS: KEA.NOYAN@JACKSONLEWIS.COM

September 21, 2026

**VIA PACER**
Honorable Andre M. Espinosa, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: Belton C. Haig Sr. v. National Railroad Passenger Corp., et al.
Civil Action No.: 2:25-cv-15438-CCC-AME

Dear Judge Espinosa:

Defendant National Railroad Passenger Corporation ("Amtrak"), through undersigned counsel, respectfully submits this letter brief in opposition to Plaintiff Belton C. Haig, Sr.'s ("Plaintiff") Motion for Leave to File a Second Amended Complaint ("Motion") (ECF No. 33). Although Plaintiff characterizes his proposed amendment as a "focused" pleading directed at Defendants VRC Investigations ("VRC"), Edward Belenguer, and Leroy Kelly II (collectively, the "VRC Defendants"), Plaintiff's proposed pleadings are not a model of clarity. Specifically, the proposed Second Amended Complaint ("SAC") appears to be presented as a new or complete "replacement" pleading that names Amtrak as a defendant in the caption but deletes the claims previously asserted against Amtrak in the First Amended Complaint ("FAC"). Moreover, although Plaintiff's Motion and proposed Order purport to identify John Bonventre ("Bonventre") as a defendant, the proposed SAC omits Bonventre entirely as he is not identified in the caption and no allegations, causes of action, or requested relief are directed against him.

As explained below, to the extent the Court considers Plaintiff's Motion notwithstanding the lack of clarity and procedural deficiencies in the proposed pleading, the proposed SAC would supersede the FAC and establish that Plaintiff has abandoned the ADA and NJLAD claims previously asserted against Amtrak. Accordingly, Amtrak respectfully submits that it should be dismissed from this action. Further, because Plaintiff omitted Bonventre from the FAC filed within the Court-ordered amendment period, Plaintiff cannot now revive claims against Bonventre after expiration of that deadline. Amtrak respectfully relies on the VRC Defendants to address Plaintiff's attempt to reassert claims against them.

## I. RELEVANT PROCEDURAL HISTORY

On May 22, 2026, the Court issued an Opinion and Order granting Amtrak and Defendant John Bonventre's motion to dismiss and the VRC Defendants' motion for judgment on the pleadings and dismissed Plaintiff's Complaint in its entirety without prejudice. (ECF No. 24 at 16). The Court afforded Plaintiff thirty days to "submit an amended complaint that addresses the deficiencies identified in this Opinion" and directed that any amended pleading comply with Local Civil Rule 15(a)(2). (Id. at 16–17).

On June 22, 2026, within the thirty-day deadline set by the Court, Plaintiff filed his FAC. (ECF No. 25.) The FAC named only Amtrak as a defendant. Plaintiff did not assert any claims against VRC, Belenguer, Kelly, or Bonventre. Instead, Plaintiff asserted four causes of action against Amtrak under the Americans with Disabilities Act ("ADA") and New Jersey Law Against Discrimination ("NJLAD"). (Id.). Amtrak thereafter moved to dismiss the two ADA claims asserted in the FAC. (ECF No. 28). That motion is fully briefed and remains pending before the Court. (See ECF Nos. 28–30).

Nearly three months after the Court-ordered amendment deadline, Plaintiff filed the present Motion seeking leave to file the proposed SAC. (ECF No. 33). Plaintiff describes the proposed SAC as a "focused" amendment concerning the VRC Defendants. The proposed SAC, however, is presented as a complete replacement pleading. It again names Amtrak in its caption and contains factual allegations concerning Amtrak, but eliminates each of the four causes of action presently asserted against Amtrak in the FAC. The proposed SAC instead asserts three causes of action—intrusion upon seclusion, intentional infliction of emotional distress, and civil conspiracy—solely against the VRC Defendants, and its Prayer for Relief likewise seeks relief only against the VRC Defendants. (See ECF No. 33). Further, although Plaintiff's Motion and proposed Order identify Bonventre as a defendant, Bonventre is omitted from the caption, allegations, causes of action, and Prayer for Relief of the proposed SAC. (Id.).

## II. PLAINTIFF'S MOTION SHOULD BE DENIED

### A. The Proposed SAC Establishes That Plaintiff Has Abandoned His Claims Against Amtrak.

To the extent the Court considers Plaintiff's Motion notwithstanding the lack of clarity and procedural deficiencies in the proposed SAC, the proposed SAC establishes that Plaintiff has abandoned the ADA and NJLAD claims presently asserted against Amtrak. Accordingly, if Plaintiff is permitted to file the proposed SAC in its present form, Amtrak respectfully submits that it should be dismissed from this action.[1]

---

[1] The VRC Defendants filed their opposition to Plaintiff's Motion on September 18, 2026. (ECF No. 34.) Amtrak respectfully relies on the arguments raised by the VRC Defendants concerning Plaintiff's attempt to reassert claims against them and does not separately address the sufficiency of those proposed claims herein. To the extent necessary, Amtrak reserves all rights to move to dismiss any claims Plaintiff may subsequently assert against it.

If permitted, the proposed SAC would supersede the FAC and become the sole operative pleading in this action. See Garrett v. Wexford Health, 938 F.3d 69, 82 (3d Cir. 2019) ("[A]n amended pleading supersedes the original pleading and renders the original pleading a nullity," such that "the most recently filed amended complaint becomes the operative pleading."). See also Ford v. Caldwell, 2024 U.S. Dist. LEXIS 16755, at *16–18 (D.N.J. Jan. 30, 2024) (explaining that an amended complaint replaces all prior complaints and that a *pro se* plaintiff seeking to reassert claims must include those claims and supporting facts in the amended pleading). Accordingly, Plaintiff cannot maintain the ADA and NJLAD claims against Amtrak through the FAC while separately proceeding on the proposed SAC against the VRC Defendants. See id.

Here, although the proposed SAC names Amtrak in the caption and references Amtrak in its factual allegations, none of the proposed causes of action are directed against Amtrak, and Plaintiff seeks no relief from Amtrak. See Royal v. Rutherford Police Dep't, 2020 U.S. Dist. LEXIS 114147, at *7–8 & n.1 (D.N.J. June 29, 2020) (dismissing defendant where the operative amended complaint referred to him but stated no claim against him). Thus, if the proposed SAC becomes operative, Plaintiff cannot simultaneously maintain the ADA and NJLAD claims asserted against Amtrak only in the superseded FAC. See Garrett, 938 F.3d at 82. The proposed SAC therefore establishes that Plaintiff has abandoned those claims, and Amtrak should be dismissed from this action.

**B. Plaintiff Already Exercised the Opportunity to Amend Afforded by the Court's May 22, 2026, Order.**

The present Motion comes nearly three months after the Court-imposed deadline to file an amended complaint. Plaintiff exercised the opportunity afforded by the May 22, 2026, Order by timely filing the FAC on June 22, 2026, in which he did not assert any claims against Bonventre or the VRC Defendants. (ECF Nos. 24 at 16–17; 25.) Indeed, Plaintiff acknowledges that the FAC "did not state claims against" the VRC Defendants and seeks further amendment because those Defendants "were omitted from the June 22 pleading." (ECF No. 33). Plaintiff provides no explanation for his failure to include the VRC Defendants in the FAC or for waiting nearly three months after the Court-ordered amendment deadline to seek further amendment. (See generally ECF No. 33; see also ECF No. 34 at 2, 6.)

The Third Circuit has repeatedly recognized that a plaintiff who is afforded a specified period to amend following dismissal without prejudice cannot leave that opportunity open indefinitely. See Hoffman v. Nordic Naturals, Inc., 837 F.3d 272, 279 (3d Cir. 2016) (holding that plaintiff's failure to amend "within the time frame provided by the District Court" constituted an election to stand on the complaint and rendered the dismissal final); Mann v. A.O. Smith Corp., 2023 U.S. App. LEXIS 5243, at *8–9 (3d Cir. Mar. 3, 2023) (rejecting the distinction between intentionally and inadvertently failing to amend within the period established by the district court because a plaintiff who inadvertently fails to amend "has still failed to amend"); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 31 n.3 (3d Cir. 2011) (explaining that failure to amend within the timeframe allotted by the district court reflects an intention to stand on the complaint); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992) (concluding that failure to move to amend within the thirty days granted by the court constituted an election to stand on the complaint).

Relatedly, the Third Circuit treats claims against defendants omitted from an amended complaint as abandoned. See Palakovic v. Wetzel, 854 F.3d 209, 234 n.26 (3d Cir. 2017) (treating claims against defendants omitted from an amended complaint as abandoned). For purposes of Amtrak's limited opposition, however, the legal effect of the FAC cannot be applied selectively: Plaintiff's June 22 pleading became the operative complaint as to the claims and defendants he elected to pursue. See Garrett, 938 F.3d at 82. Thus, because Plaintiff omitted Bonventre from the FAC and did not seek to reassert claims against him until after expiration of the Court-ordered amendment deadline, any claims against Bonventre were abandoned and cannot now be revived through the proposed SAC. Likewise, because the proposed SAC abandons the ADA and NJLAD claims asserted against Amtrak in the FAC and asserts no cause of action or requested relief against Amtrak, Amtrak should be dismissed from this action.

### A. The Proposed SAC Does Not Comply with Rule 10(b).

Plaintiff's proposed amended complaint is procedurally deficient. Federal Rule of Civil Procedure 10(b) requires claims to be stated in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The proposed SAC does not set forth its factual allegations in numbered paragraphs. That deficiency further obscures the claims Plaintiff intends to maintain where the proposed SAC continues to name Amtrak but asserts no cause of action or requested relief against it, while Plaintiff's Motion and proposed Order identify Bonventre despite his omission from the proposed SAC.

## III. CONCLUSION

For the foregoing reasons, Amtrak respectfully requests that the Court deny Plaintiff's Motion for Leave to File a SAC. To the extent the Court nevertheless permits the proposed SAC to be filed, the SAC would supersede the FAC and establish that Plaintiff has abandoned the ADA and NJLAD claims previously asserted against Amtrak. Accordingly, Amtrak respectfully requests that it be dismissed from this action with prejudice. Plaintiff likewise should not be permitted to revive claims against Bonventre that were omitted from the FAC after expiration of the Court-ordered amendment deadline. Amtrak respectfully relies on the VRC Defendants to address Plaintiff's attempt to reassert claims against them.

Alternatively, if the Court permits further amendment, Amtrak respectfully requests that Plaintiff be required to file a single, complete operative pleading that complies with Rule 10(b) and clearly identifies the defendants, factual allegations, and causes of action Plaintiff intends to pursue.

JacksonLewis



We thank Your Honor for the Court's attention to this matter.

Respectfully Submitted,

**JACKSON LEWIS P.C.**

*/s Carla D. Macaluso*
Carla D. Macaluso
Kea S. Noyan

cc: Belton Haig, Pro Se (via email w/encl. and via overnight mail)
Derrick A. Grant, Esq., Counsel for VRC Investigations, Edward Belenguer, and Leroy Kelly II (via ECF)